The opinion of the Court was now delivered by
Smith, C. J.
After stating the case, he observed that the question was, whether the plaintiff was entitled to recover.
To support plaintiff’s title, Weare must be the owner at the time they undertook to make the lease declared on. If it did not belong to Weare, who was the owner? The State? The Masonian proprietors ?
The State never has claimed any lands similarly circumstanced. The Masonian proprietors have never set up any claim, even where the lands so granted have been misapplied; sold, the money appropriated to other purposes.
To sell in the manner Weare has done is not a misapplication of this right.
A grant in this form has always been considered as a grant to Weare. The school lot is the property of the town. A right reserved for the use of a school and for the use of the ministry in Weare is a grant to the inhabitants of Weare for these objects. The appropriation belongs to the town.
A grant to the first settled minister is different.
To support defendant’s title, he must either claim under Weare, or independent of Weare, at least of any act or vote of the town.
I.His claim under Weare.
Has the town voted this lot to Cayford ? If they have, it must-be by votes of April 25, 1803, and the doings under it.
1. These votes do not purport a conveyance, but to divide: if he had any right, it will be considered hereafter.
2. This is not a partition. The most that can be said is, that it is an agreement to divide.
3. Submission to arbitrators to divide is not partition. The most that can be said is, that it makes them liable for breach of the award.
*153 4. But this vote is neither division nor submission to others to divide for them, but an appointment of a committee to make division afterwards, to be acted on by the town, and either accepted or disallowed at their pleasure; and afterwards actually disallowed.
This is evident, because neither Cayford, his society, nor any other persuasion, is bound. Of consequence, the town was not bound. The terms made use of in the vote and report show that this was the understanding of all parties who acted. The words “ committee,” “ report,” “ submitted,” &c., imply that nothing binding was intended.
II. Defendant’s claim, independent of the doings of Weare, will be found to have as little foundation.
The defendant must contend that a right granted or reserved for and toward the support of the gospel ministry in a town shall inure to whoever shall be a gospel minister in the town, though not connected with the town. A church is formed in Weare (a church is a company of people voluntarily combined together by covenant for the worship of God: Platform, c. 6, etante, 202), consisting of three persons; ten more join together as a society; these settle a minister; he then becomes entitled to all the lands in Weare granted for and toward the support of the gospel ministry there, i. e. in Weare. For what length of time ? Are all the rest of the town cut off from any right? Shall all the rest have one half? Suppose thirteen other persons afterwards settle another minister ; shall they divide with the first thirteen ? Shall a third set call for a new division ? All this is absurd, and therefore it cannot be the true meaning of the grant. * For the support of the ministry in or of Weare means such ministry as the town, as a corporate body, employ.
The Congregational Society, incorporated in 1795, are no parties to this suit. If they were, they have no lot or part in these lands, any more than any other religious society in the State. It does not appear, besides, how defendant is connected with that society.
This ease does not raise the question, what shall be done on division of a town like Weare by limits; whether the lands *154 shall be divided equally, or in what propoi’tions ; whether the legislature have a right to declare this effect of division, and whether the new corporation can take, if they do not.
As a gospel minister living in Weare, settled over and among a church and individuals there, defendant has no right to the lands granted for the support of the gospel ministry of Weare ; and these individuals being afterwards incorporated into a religious society makes no difference. If any minister can claim title to these lands (which is not admitted), it must be a minister settled by Weare. But it is conceived that no minister can, except there be an appropriation by the town. He must hold under the town.
The parties entered judgment, by agreement, for plaintiff.,[1]
Judge Wingate dissented from this decision.

 Lands or shares set apart in the original charter, or grant, of a town, for the use of the ministry, vest absolutely in the town, and are not held in trust for pious uses. This is so decided upon the ground of ancient usage and understanding. Baptist Society in Wilton v. Town of Wilton, 1822, 2 N. H. 508; Richardson, C. J., in Bristol v. New Chester, 1826, 3 N. H. 524, 531; Rice v. Wadsworth, 1853, 27 N. H. 104; and see Doe, J., in Hale v. Everett, 1868, 53 N. H. 9, 147-149.
The “ Toleration Act” of 1819 did not deprive towns of the power to appropriate such lands for the benefit of religious societies within their limits. Candia v. French, 1835, 8 N. H. 133. But the towns, being held to be absolute owners, are under no legal obligation to do so. They may appropriate the proceeds of such lands for the purchase of a poor farm. Rice v. Wadsworth, 1853, 27 N. H. 104.
For the effect of a division of the town upon the ownership of such lands, see Union Baptist Society v. Town of Candia, 1819, 2 N. H. 20. See, generally, as to the effect of a division of a town, upon the ownership of town property, Bristol v. New Chester, ubi sup.; Troy v. Haskell, 1856, 33 N. H. 533; Greenville v. Mason, 1873, 53 N. H. 515; Tilton v. Sanbornton, 55 N. H. 610, n.
For the construction of grants (other than those contained in the original charter, or grant, of a township) to municipalities for religious, educational, patriotic, or other public purposes, see Newmarket v. Smart, 1863, 45 N. H. 87; Brown v. Concord, 1856, 33 N. H. 285; Troy v. Haskell, 1856, 33 N. H. 533; Chapin v. School District, 1857, 35 N. H. 445; The Dublin Case, 1859, 38 N. H. 459; s c. 41 N. H. 91; Sargent v. Cornish, 1873, 54 N. H. 18; Orford Union Congregational Society v. West Congregational Society of Orford, 1875, 55 N. H. 463; Congregational Society *155 & Church in Newington v. Newington, 1873, 53 N. H. 595; Greenville v. Mason, 1873, 53 N. H. 515; Foster v. Lane, 1855, 30 N. H. 305; Wiggin v. Berry, 1850, 22 N. H. 114; Second v. First Congregational Society in Hopkinton, 1843, 14 N. H. 315.
That the action of the Committee was not binding until accepted by the town, see Monadnock R. R. v. Peterborough, 1870, 49 N. H. 281.